PRICE, Judge.
John C. Wright brought this tort action seeking damages for personal injuries and medical expenses allegedly resulting from an assault and battery committed on his person by the defendant, Rayburn D. Green.
From the judgment of the trial court awarding the plaintiff $3,984.97 in damages, defendant has suspensively appealed. Appellant urges the trial court erred in refusing to find that he acted solely in self defense, or, alternatively, that his actions were provoked by the conduct of plaintiff.
We affirm the judgment of the trial court as no manifest error has been shown. The evidence shows that Wright and Green were each leaving a football game in Shreveport on the night of September 17, 1970. Both were driving pickup trucks and were attempting to exit from a parking lot into the main stream of traffic of a street exit. The two vehicles brushed very slightly against each other as Wright pulled into an opening in the traffic just ahead of Green. Wright contends he was not aware any collision occurred and kept moving with the line of traffic. Green alighted from his vehicle and ran alongside Wright’s truck accusing him of striking his truck and demanding that he stop to discuss payment of damages. After repeated requests by Green that he park and discuss the matter, Wright pulled his truck onto a grassy area out of the roadway and stepped out to examine Green’s truck. Wright finished his examination of the rear portion of the truck and moved to the right front where Green was leaning against the fender and hood. Wright ordered Green to move out of the way so he could examine the fender, using some profane language to emphasize his demand. At about this time Green struck Wright one blow, knocking him to the ground and causing the injury to his nose and teeth for which damages are sought in this action.
Green contends Wright’s demeanor and actions were such that he was justified in believing he was about to receive bodily harm and he was justified in using reasonable force in defending himself.
There is considerable contradiction in ■the testimony of the various persons who witnessed the affray. However, looking at the evidence in the most favorable light to Green, the most offensive conduct that could be inferred against Wright was that he was irritated at being stopped and accused of striking Green’s truck; that he used some profane language to emphasize his denials (no contention is made that any vile or obscene language was used nor was the profanity directed at Green personally) ; that he may have used a pushing type of gesture when he requested Green to move so that he could see where Green *782 contended he damaged his truck on the front fender.
Although we do not condone the rudeness with which Wright reacted to the accusations and requests of Green in regard to damage to his truck, we are unable to say that Wright’s actions or words were such that Green was justified in believing he was about to receive bodily harm, thus making Wright the aggressor. Nor do we find the words or actions of Wright were such that a reasonable man would have expected physical retaliation by the use of same. As mentioned heretofore, the evidence does not disclose that any of the curse words used by Wright were used to defame or belittle Green. If any bodily contact was made at the time Wright requested Green to move, the evidence does not show that Green was justified in believing Wright was attacking him as the testimony clearly shows Wright was in the process of examining the vehicle for scratch marks by running his hand over the surface and any pushing action (if it occurred) was merely out of impatience to complete the examination. Although his manner of speaking to Green may have been sarcastic and not in the best of taste, we do not believe it was sufficient to justify physical retaliation by Green.
Although plaintiff contends the trial court’s award of damages is inadequate and defendant urges the award is excessive, we find no abuse of the discretion of the trial judge in fixing damages. Plaintiff suffered a broken nose, resulting in a deviated septum, which had been repaired by surgery. The medical testimony indicates plaintiff may have to undergo an additional operation to completely correct his nasal injury. In addition, plaintiff received damage to three teeth which may result in the loss of these teeth. Cost of dental work to protect these teeth is estimated at $450. Plaintiff lost approximately one week from his work and was required to hire a replacement at a cost of $20 per day. Medical expenses previously incurred in connection with plaintiff’s nasal surgery were approximately $500. The cost of additional surgery is estimated at $600. Past and future medical expenses total approximately $1,500, leaving plaintiff a sum of slightly less than $2,500 for pain, suffering and any permanent residual damages resulting from his injury.
Although there are cases where awards for similar injuries have been somewhat higher, we do not find the amount awarded herein to be so inadequate that we could say the trial judge abused his discretion.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed and rendered.