280 So.2d 621 (1973)
Malcolm A. JACOB
v.
Stephen A. LABORDE.
No. 5396.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
*622 Post & Blaize, Daniel A. Post, Metairie, for plaintiff-appellee.
Richard P. Massony, Metairie, for defendant-appellant.
Before STOULIG, SCHOTT and BAILES, JJ.
STOULIG, Judge.
Plaintiff was awarded $1,200 damages for injuries to his mouth sustained as the result of a battery. Defendant has appealed, urging plaintiff failed to prove his case, and alternatively, that plaintiff provoked the incident. In the event we affirm on liability, defendant seeks a reduction of quantum.
To prevail in an action grounded on a battery, plaintiff must prove its occurrence and that his own actions immediately preceding it did not constitute a provocation sufficient to justify the defendant's conduct. See Wilkins v. Nugent, 108 So. 2d 5 (La.App. 2d Cir. 1958). Defendant admits hitting plaintiff in the mouth and his own version of the incident fails to establish conduct on the part of plaintiff that would substantiate a defense of provocation or justification.
On June 13, 1969, plaintiff and defendant were involved in a minor traffic accident on Jefferson Highway in Jefferson Parish. Since negligence is not an issue, no useful purpose would be served in a recitation of the details of the accident.
Both drivers got out of their carsthe plaintiff, a 59-year-old man of slight build, and the 26-year-old defendant of medium stature.
While the versions of what occurred between the two motorists conflict, we will recite defendant's testimony on this point because it is obviously more favorable to his position. Defendant stated plaintiff was not angry when they first began the conversation. Plaintiff asked him if he didn't see his blinker signal, and then requested the defendant's name, address and insurer. Defendant said he did not respond because he had read a pamphlet issued by his insurance company instructing an insured to give no information at the scene of the accident. At this time, plaintiff *623 became angry, his lips quivered and he became red in the face. Plaintiff again demanded this information, but the defendant persisted in remaining silent. Finally defendant attempted to get in his car and plaintiff either put his hand on defendant's arm or pulled his arm, stating "I know how to handle kids like you." At that moment defendant swung, hitting plaintiff in the mouth and knocking him to the neutral ground. Defendant explained he struck plaintiff because he did not know what he was going to do. When asked if he did it as a matter of instinct he responded, "No. I think then it was emotional; I don't think it was a good thing logically and I didn't know what to do."
Thus defendant's testimony establishes the battery occurred and plaintiff's actions prior thereto did not constitute a provocation. Considering the difference in age and size between the two, we do not think plaintiff's placing his hand on defendant's arm or pulling it should have reasonably created apprehension of physical violence, even though plaintiff stated "I know how to handle kids like you." Nor do we think these words were of such a provocative nature that the utterance alone should have spurred defendant to physical retaliation. In Baughman v. Wells, 171 So.2d 759 (La.App.2d Cir. 1965), the court held that provocative words alone would be justification for an assault only if the utterance, per se, would prompt a reasonable man to retaliate with physical force. We do not find that the defendant's action of striking the plaintiff was either reasonable or justified under the circumstances of this case.
In passing we note though the deposition of George Fisher, a witness, was tendered by plaintiff in lieu of his appearance in court, we did not consider it in determining the correctness of the judgment of the trial court because the proper predicate was not laid for its admission in evidence under LSA-C.C.P. art. 1428(3). At the time the deposition was taken by plaintiff about 14 months prior to trial, it was for the stipulated purpose of discovery. When it was offered in evidence at the trial by plaintiff, defendant's objection to its admissibility was overruled by the trial judge. We find no basis in the record which would render the deposition admissible in evidence.
We next consider quantum. Plaintiff's upper and lower lips were split by the blow and required sutures. His prescription sunglasses were knocked from his face and lost when he fell to the ground. He paid $36 to replace the sunglasses and $37 to have his lips sutured. Both items were corroborated by invoices. He also claimed to have cracked the upper and lower plate of his dentures and introduced an unitemized bill for $385 for dental work he claimed was necessitated by the blow. The dental work was performed by his brother-in-law, a dentist in Mobile, Alabama, who did not testify. Appellant's own testimony concerning the damage to his dentures was contradictory. Once he testified that the upper was replaced and the lower repaired; later he stated the lower was also replaced. He also failed to recall in the first instance that one of his teeth was loosened and extracted as a result of the battery, but later in his testimony he remembered. We are of the opinion that the self-contradictory testimony of plaintiff is insufficient to sustain this item of his damages. The trial court included in the damage award the $385 dental bill. We agree with appellant that plaintiff has failed to prove exactly what dental work, if any, was required as a result of the accident and/or the value of services performed with that certainty required by law. Accordingly we will reduce the award by $385.
As to defendant's complaint that the general damages are excessive we simply note that LSA-C.C. art. 1934(3) vests much discretion in the trial court in fixing quantum. We conclude there has been no abuse of discretion.
*624 For the reasons assigned, the judgment appealed from is amended to reduce the award to plaintiff from $1,200 to $815, and in all other respects, affirmed. Plaintiff is to pay the cost of this appeal.
Amended and affirmed.