PICKETT, Judge.
This is a suit by Fulton R. Munson, individually and as natural tutor of his daughter, Jane B. Munson, for personal injuries sustained by Jane B. Munson and for expenses incurred by reason of an automobile collision between a 1968 Volkswagen driven by Jane B. Munson and a 1966 Chrysler four door automobile driven by Frances A. Kendall, at approximately 4:45 P.M., January 4, 1972, in the 3100 Block of College Drive, in the City of Baton Rouge, Louisiana. The defendants originally named in the suit were Frances A. Kendall and her father, Francis J. Kendall, and his insurer, Allstate Insurance Company.
The defendants filed an answer which contained a general denial of liability, and an alternative plea of contributory negligence, coupled with an alternative demand against the Parish of East Baton Rouge, The Parish of East Baton Rouge filed an answer to the third party demand of the defendants, and denied all liability, and in the alternative plead the contributory negligence of Frances A. Kendall, coupled with a third party demand against the plaintiff, Jane B. Munson and her insurer, for all sums for which it might be cast by reason of the demands of F. J. Kendall, Frances A. Kendall and Allstate Insurance Company.
The trial court rendered judgment in favor of Fulton R. Munson, individually and in his capacity as natural tutor of his daughter, Jane B. Munson, and against the defendants, F. J. Kendall, Frances A. Kendall and the Allstate Insurance Company, for the sum of $3,126.99, with legal interest from judicial demand, until paid, and all costs of court. There was further judgment in favor of the third party plaintiffs, Allstate Insurance Company, F. J. Kendall, and Frances A. Kendall, and against the third party defendant, Parish of East Baton Rouge, Louisiana, for contribution of one-half of the judgment against said third party plaintiffs. The defendants, F. J. Kendall, Frances A. Kendall and Allstate Insurance Company, and third party, Parish of East Baton Rouge, have appealed.
The record shows that the accident which is the basis of this suit occurred on January 4, 1972, at about 4:45 P.M. in the 3100 block of College Drive, approximately in front of the Burger King Restaurant, in the City of Baton Rouge, Louisiana. At that time, College Drive was a four-lane thoroughfare with two north bound lanes and two south bound lanes, and the said sectors were separated by a heavy yellow line. There was a manhole, approximately twenty-two inches in diameter, in the approximate center of the north bound lanes. Because of flooding rains that afternoon, *789 the manhole cover had popped open. At the request of the City Police, two employees of the Department of Public Works of East Baton Rouge Parish had placed a barricade over the manhole about an hour before the accident.
F. J. Kendall, Frances A. Kendall and Allstate Insurance Company (hereinafter referred to as defendants) contend the Parish of East Baton Rouge was negligent because of the barricade placed over the manhole by its employees not being properly lighted or otherwise made sufficiently visible to warn approaching motorists of the presence of the hazard; and that the inadequacy of the barricade was the proximate cause of the collision of the vehicle driven by Miss Kendall and the Volkswagen driven by Miss Munson. The Parish of East Baton Rouge (hereinafter referred to as “the Parish”) contends the barricade was fully adequate to warn vehicle drivers of the presence of the barricade and the manhole; and that the accident was caused solely by the negligence of Miss Kendall in failing to keep a proper lookout.
The trial court found there were no lights, flares, smudge pots or other warning devices in the area of the barricade. Mr. Emmit Wilton Smart, a Baton Rouge City policeman who investigated the accident, described the barricade as consisting of one V-type leg of a saw horse and a board attached to it. The other end of the board extended to the ground over the manhole. Mr. Smart said the barricade was parallel to the flow of traffic when he arrived at the scene of the accident. Mr. Smart saw no flares or other warning devices at or near the barricade. In fact, no one testified to having seen any flares or other warning devices around the barricade. We concur in the finding of the trial court that there were no such warning accessories at or near the barricade when the accident occurred. However, the Parish contends the barricade was sufficiently visible without the presence of any flares or other warning devices to warn motorists of the presence of the manhole and barricade. The Parish further contends that if the accident was solely due to the failure of Miss Kendall to timely see the barricade, such failure resulted from her inattention to the road ahead, and not because of the lack of a visible warning. Therefore, the real issue as thus presented is whether the barricade was sufficiently visible without lights, flares or other warning devices, to have been seen by Miss Kendall in time to take evasive action, if she had been keeping a proper lookout.
Miss Mary Alice Wegner, a disinterested witness, was some distance behind the Munson and Kendall vehicles, and proceeding in the same direction when she saw the collision of the vehicles. She testified she saw the barricade a full city block away. Miss Wegner’s testimony in some respects is confusing. But she was very definite and quite positive with respect to her ability to see the barricade at some distance. In response to close questioning by the trial court, who explained to her the importance of knowing how visible the barricade was to a motorist approaching from the direction Miss Kendall had been traveling immediately prior to the accident, Miss Wegner testified as follows:
“When I was sitting at Perkins Road and looking ahead, a good block in space, I was aware that the barricade was there, that I had to go to the right of that barricade in order to get on the interstate.”
If Miss Wegner could see the barricade a city block away, it must have been sufficiently visible to warn approaching motorists of its presence. We have no evidence that any other motorist was unable to see the barricade in time to avoid it. The evidence indicates that College Drive was a much traveled four-lane thoroughfare. Undoubtedly, many vehicles passed that barricade prior to, and subsequent to the occurrence of the subject accident without incident. The jurisprudence is well established that there are no hard and fast rules as to the type and sufficien *790 cy of warning signs and barricades. The cases are in agreement that such means of protecting motorists are sufficient if they are of a size and nature commensurate with the danger that lies ahead. Reeves v. State of Louisiana, La.App., 80 So.2d 206; Dowden v. State of Louisiana, La.App., 81 So.2d 48; and Hayes v. Hartford Accident and Indemnity Company, La.App., 242 So. 2d 77. We find the barricade under consideration meets these criteria. Hence the judgment of the trial court in favor of the defendants, the third party plaintiffs, and against the third party defendant, the Parish of East Baton Rouge, must be annulled.
When the defendant, Frances A. Kendall, was asked to explain how the accident occurred, she testified as follows:
“Okay, I was originally in the righthand lane behind a slow car and so I pulled into the lefthand lane to get past them. After — well, I glanced back to make sure that I was past and they turned into Burger King, this car, I glanced back to get the view that the rear view mirror doesn’t catch and in this particular car there was a blind spot, and I saw it was clear so I started to move over and the next thing I saw was this barricade right in front of me, so I applied my brakes and I cut back to the left to get back into my lane and I skidded and I skidded into oncoming traffic and I cut — when I noticed I was doing this I cut back and then cut right back into my lane and then across into the righthand lane.”
The trial judge concisely summarized the evidence of Miss Kendell as follows:
“Miss Kendall, the defendant driver, testified that she was in the righthand lane going toward I — 10 from Perkins Road. She stated there was a slow moving vehicle in front of her which she thinks ultimately turned right into the Burger King premises. She moved over into the left lane to go around this vehicle. Realizing that she was going to exit off College Drive into Interstate-10 she headed back into the right lane where she would be in a position to make that turn. In so doing, she wanted to check to her rear to make sure that she was not endangering any traffic behind her. She stated she had a blind spot with reference to the particular vehicle she was driving and could not see adequately by use of the rearview mirror. She then turned her head and looked behind her. When she turned back she was partly in the righthand lane, and she said for the first time she saw the barricade. She then, according to her testimony, went to the left of the barricade even though at this point, having ascertained that there was nothing behind her and being already partly in the righthand lane, she should have gone to the right of the barricade.”
The trial court then expressed his opinion that Miss Kendall could have and should have seen the barricade in time to take evasive action if she had been sufficiently attentive to her driving. In that connection, he said:
“We have concluded that Miss Kendall was momentarily inattentative to her driving and that she could have and should have seen this barricade out in the street in time to have brought her car to a stop or to have avoided this accident. Her loss of control is not consistent with the circumstances prevailing.”
The trial court concluded the accident resulted from the joint negligence of the Parish of East Baton Rouge and Miss Kendall. He gave the following reasons for his opinion:
“So, what we’re saying is that in our opinion the cause of the accident was the joint negligence of both Miss Kendall and the third party defendant. She did take her eyes from the road ahead; she did it in inclement weather; she did it with traffic in the immediate vicinity; and, there were no cars ahead of her, as she stated, which would have obscured *791 her vision. Under cross examination by-counsel for the third party defendant she admitted that there was no obstruction to her visibility. She could have timely seen what was there and by not seeing it we think she was also guilty of negligence proximately causing the accident. She simply did not at all times maintain a proper lookout.”
We agree with the conclusion of the trial court that Kendall was momentarily inattentive to her driving, and that she did not at all times maintain a proper lookout; and that she was negligent because of her failure to keep a proper lookout. Having taken all of the evidence into consideration, we have concluded that Miss Kendall’s negligence was the sole proximate cause of the accident that resulted in the damages suffered by plaintiffs-appellants. There is no evidence that Miss Munson left the right north bound lane at any time prior to the accident, or that she was in any way responsible for the collision. We concur in the finding of the trial court that plaintiffs-appellants are entitled to an award for damages sustained by Miss Munson and her father resulting from the accident.
Miss Munson testified that as a result of the accident she received several chipped teeth, a laceration of her upper lip, a laceration of her left eyebrow, brush burns about her face and numerous bruises on other parts of her body. Dr. Leonard B. Wegner, Jr. testified that he sutured lacerations of Miss Munson’s upper lip, left upper eyelid and left eyebrow. Dr. John W. Munson, a dentist, testified at length about the extent-of the injuries to Miss Munson’s teeth. He found the left upper incisor was chipped and the right central incisor was cracked. Dr. Munson rendered such dental treatment as her condition indicated, but he expressed the opinion that future treatment would be needed.
After reviewing all of the evidence relative to the nature and extent of Miss Mun-son’s injuries, it is our opinion that the award by the trial court to Fulton J. Mun-son, as natural tutor of his daughter, Jane 'B. Munson, of the sum of $750.00 for her facial injuries, brush burns and bruises on her body, and the further sum of $2,000.00 for the injuries to her teeth is neither excessive nor inadequate. The award to Fulton J. Munson of $376.99 for past and future medical expenses was fixed by the Court based on the stipulation of counsel.
For the above and foregoing reasons, the judgment of the trial court in favor of the third party plaintiffs, Allstate Insurance Company, F. J. Kendall and Frances A. Kendall, and against the third party defendant, Parish of East Baton Rouge, is annulled and reversed; otherwise the judgment appealed from is affirmed, at the costs of third party plaintiffs-appellants.
Affirmed in part, reversed in part, and rendered.