SCHOTT, Judge.
This is a suit for damages for personal injuries sustained by plaintiff as a result of an assault and battery upon him by the agents of defendant. His petition alleges the following: On August 30, 1976, at approximately 12:15 PM plaintiff opened his home in New Orleans to two delivery/service men (agents) of the defendant who were delivering a rental television set to plaintiff’s home for his use ordered from the defendant. In attempting to pay the designated fee to one agent, called Frank, plaintiff reached around Frank for his wife’s wallet which was on the coffee table in the room, and because of the location of the coffee table in the room and because of the location of the wallet, the coffee table and the position of Frank plaintiff had to make physical contact with Frank. Frank *16 then exclaimed words to the effect “Don’t push me,” whereupon plaintiff explained that he was not pushing but only reaching for a wallet. Plaintiff, in the course of this verbal exchange, was pushed away by Agent Frank. Plaintiff informed Frank and the other agent that this was his home and he could move in any manner that was proper, adding that he did not, intentionally or otherwise, push Frank. Frank belligerently, forcefully and without provocation pushed plaintiff once more. Plaintiff told both agents to leave the premises and take the rental television set with them, offering to show them the door and suggesting that they were now considered intruders and no longer welcome in his home. Frank and the other agent, wishing to incite a violent confrontation with petitioner, refused to leave the house as directed and Frank forcefully and menacingly pushed plaintiff once again. Plaintiff, in fear of an imminent assault upon his person by the two intruders, and wishing to protect himself and in self-defense, threw a punch at Frank who blocked the punch, grabbed him by both wrists and maliciously threw him across the coffee table and to the floor. While plaintiff was attempting to raise himself he placed his right hand down on the floor, whereupon the unnamed agent stomped upon and crushed plaintiff’s hand with his foot. After this altercation both agents ran from plaintiff’s home, taking the television set with them and they drove away in defendant’s truck.
In response to this petition defendant filed an exception of no cause of action on the ground that the actions plaintiff alleged to have been committed by defendant’s employees or agents were not within the course and scope of its employment or in furtherance of their employer’s business. From a judgment maintaining the exception and dismissing his suit plaintiff has appealed.
This case is indistinguishable from Walters v. Sentry Insurance Company, 354 So.2d 1087 (La.App. 2nd Cir. 1978), in which a judgment maintaining an exception of no cause of action was reversed on the basis of Miller v. Keating, 349 So.2d 265 (La.1977) and LeBrane v. Lewis, 292 So.2d 216 (La.1974). These cases clearly demonstrate that the issue of the employer’s vicarious liability for a battery of an employee on a third person depends on the circumstances of the case and is not an issue which lends itself to disposition by an exception of no cause of action.
Defendant relies on Gautreau v. Davis, 350 So.2d 268 (La.App. 4th Cir. 1977), writs refused, 352 So.2d 236, 237 and Strawder v. Harrall, 251 So.2d 514 (La.App. 1st Cir. 1971). Significantly these cases were both tried on the merits so that the reviewing courts were able to consider the facts and circumstances in deciding the issue of vicarious liability.
Defendant argues that the tortious act alleged in the petition to have caused plaintiff’s injury was the agent’s act of stepping on plaintiff’s hand and that this act was surely not in furtherance of defendant’s business. We cannot read the cases of Miller v. Keating, supra, and LeBrane v. Lewis, supra, as allowing an isolation of the ultimate tortious act from all of the circumstances surrounding and leading up to it in order to determine the issue of the employer’s vicarious liability.
We adopt the following language of our brethren on the Second Circuit in Walters v. Sentry Ins. Co., supra, as dispositive of the issue before us:
“Plaintiff’s allegations here show the battery may have been incidental to a business contact between customer and employee; the store clerk was required to answer a customer’s questions about the price of merchandise. If the evidence shows the battery arose out of a purely personal matter between plaintiff and the employee, the employer would not be vicariously liable. See LeBrane, supra. However, the question of the employer’s ultimate liability is not now before us. In maintaining plaintiff’s petition when we can reasonably do so, we afford the plaintiff an opportunity to present evidence to prove the employer’s liability. See Haskins v. Clary, 346 So.2d 193 (La.1977).”
*17 Accordingly the judgment appealed from is reversed, defendant’s exception of no cause of action is overruled, and the case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against defendant. Assessment of all other costs is deferred until the case is concluded.
REVERSED AND REMANDED.