409 So.2d 408 (1982)
Larry FREEMAN
v.
LEE & LEON OIL CO., INC., Bob Dufrene and Aetna Casualty and Surety Company.
No. 12310.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
*409 Richard K. Rathbun, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
Terrence J. Lestelle, Amato & Creely, Gretna, for plaintiff-appellant.
Before SCHOTT, GARRISON and KLEES, JJ.
KLEES, Judge.
This is an appeal from a judgment dismissing plaintiff's suit for personal injuries and other losses suffered as a result of a fight. The facts are as follows: On May 29, 1979, after a day of trawling, plaintiff stopped at the Lee and Leon Oil Company dock as he had every day since the shrimping season had opened. Accompanied by his two young sons, plaintiff and a companion, Eric Tiser, had stopped to fill up their boats with fuel. Prior to filling their gas tanks, plaintiff and Tiser explained to Lee and Leon's employee, Dufrene, that Tiser would pay for plaintiff's gas as well as for Tiser's own gas since plaintiff had no cash on hand. Defendant retorted that plaintiff and Tiser were trying to confuse him. Whereupon plaintiff borrowed money from Tiser and paid for the gas separately. Upon plaintiff's return from the cashier, he discovered that Dufrene had sought out the manager to discuss the situation. Dufrene told the manager that plaintiff had a complaint to make. Plaintiff discussed the matter with Dufrene and the manager and responded that he had no complaint, other that Dufrene was "an old grouch" in the way he handled customers. This was said as plaintiff and the manager were walking away. Dufrene then attacked plaintiff without warning, knocking him to the ground. After the altercation, plaintiff was left with a lacerated lip which required 10 or 12 sutures and a small scar.
Appellant contends that the trial court erred in concluding that Defendant Bob Dufrene was not liable and that Lee and Leon Oil Co., Inc., and its insurer Aetna Casualty and Surety Company were not vicariously liable for the intentional assault and battery inflicted upon plaintiff-appellant by Defendant's employee Bob Dufrene.
A. Liability of Bob Dufrene
In battery cases the plaintiff has the same burden of proof that any plaintiff has in any tort or damage suit. Knuckles v. Beaugh, 392 So.2d 710 (La.App. 3rd Cir. 1980). After the plaintiff meets this burden it becomes incumbent upon the defendant to prove justification or provocation for the battery and this is to be determined in light of the circumstance and facts of each individual case. Ogden v. Smith, 344 So.2d 1099 (La.App. 3rd Cir. 1977).
In the present case, the record contains the uncontradicted testimony of the plaintiff which is partially corroborated by his fishing companion, Eric Tiser, and which clearly reveals that the plaintiff was battered by Dufrene. The burden then shifted to the defendant, Dufrene, who neither answered *410 the suit or appeared at the trial, to prove justification or provocation for the battery.
An examination of the record in the light most favorable to Dufrene, discloses that the only event which even remotely relates to a provocation is the language of the plaintiff and it is sound jurisprudence that provocation by words may, in some instances, be considered in mitigation of damages but they cannot excuse a battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Cappo v. Vinson Guard Service, Inc., 400 So.2d 1148 (La.App. 1st Cir. 1981).
Accordingly, there should be no other conclusion than that the trial judge erred when he ruled in favor of the defendant, Dufrene. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
B. Liability of Lee & Leon Oil Co., Inc., and Aetna Casualty & Surety Company.
C.C. Art. 2320[1] and the policy of the master-servant law places upon the master the responsibility of the servant's misconduct in the scope of the master's enterprise. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Circuit 1978) Writ Denied 366 So.2d 573. Therefore when an employee's tortious conduct is closely related in time, place and causation with his employment duties, the risk of harm is fairly imputable to the employer's business, and the employer is held liable for the damages. Le Brane v. Lewis, 292 So.2d 216 (La.1974). Whether an employee was acting within the course and scope of his employment must be decided on the particular facts of each case. Weysham v. New Orleans Public Service, Inc., 385 So.2d 19 (La.App. 4th Cir. 1980) Writ Denied 392 So.2d 690 (La.1980).
The facts of the present case are more in line with Jones v. Sights and Sounds, Inc., 365 So.2d 15 (La.App. 4th Cir. 1978). Here, as in Jones, the intentional tortious conduct closely followed events in furtherance of the defendant-employer's business and a careful review of the circumstances surrounding and leading up to the tortious conduct reveals that it occurred just moments after a dispute concerning the receipt of payment for gasoline.
Here, the entire episode began with the defendant's employee believing that the plaintiff and his companion were attempting to confuse him with regard to the payment for the gasoline and thereby swindle his employer. The motive of the defendant's employee was to protect and further the interest of his employer, particularly to see to it that he was properly compensated for his gasoline. This was clearly employment related and the tortious act which followed stemmed from this dispute.
As the entire record is before the court, the Supreme Court case of Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975) suggests that this court, for the sake of judicial economy may fix damages.
C. Damages
(1) Loss of Earnings
As a result of this altercation, plaintiff claims he lost seven (7) days earnings from trawling.
Although plaintiff and his wife testified that he would make from $200-$300 per day, his shrimping companions stated that $160 or $170 per day was an optimum figure, discounting 20% for fuel and other optimum conditions we find that $132.00 per day for seven days amounts to $924.00.
(2) Physical and Mental Pain & Suffering
The record supports the fact that plaintiff's lip was split and his gums could be seen through the split. The cut required an estimated 10-12 stiches and a shot to deaden the stitched area. He was also given a few days supply of pain pills. He argues that he has a permanent scar which inhibits the growth of his mustache and a small painful lump of scar tissue. The defense *411 claims the bothersome scar tissue could be removed for as little as $100 without hospitalization.[2] As far as the thumb or wrist problem, the plaintiff never sought medical attention beyond the initial exam by Dr. Hirsch.
Upon a review of awards granted under similar circumstances, we find that $1,100.00 would be proper. See Jacob v. Laborde, 280 So.2d 621 (La.App. 4th Cir. 1973); Munson v. Kendall, 290 So.2d 787 (La.App. 1st Cir. 1974).
(3) Special Damages
Plaquemines Parish Medical Services $76.00
(4) Expert Fees

The plaintiff appellant is correct in his assertion that Dr. Hirsch should be awarded an expert fee for his deposition which was entered in place of his testimony at trial. Furthermore, the cost of this expert fee should be assessed against the party cast in judgment. See Corley v. West, 346 So.2d 1272 (La.App. 3rd Cir. 1977) Writ Refused 350 So.2d 673 (La.1977).
Accordingly, for the reasons assigned the judgment of the trial court is reversed and cast as follows:
It is Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiff, Larry Freeman, and against defendant, Lee and Leon Oil Company, Inc., Aetna Insurance Company,[3] in solido, in the full sum of Two Thousand One Hundred and No/100 ($2,100.00) Dollars together with legal interest on such sum from date of judicial demand until paid.
Expert fees due Dr. Bernard Hirsch are fixed at $150.00. All costs are assessed against the defendants. Costs of this appeal are assessed against appellees.
REVERSED AND RENDERED.
NOTES
[1] C.C. Art. 2320"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
[2] See Deposition of Dr. Hirsch pp. 87 & 88.
[3] Bob Dufrene is not cast in judgment because he never made an appearance in the case. Issue was never joined with him.