423 So.2d 1299 (1982)
Lynn B. DEAN
v.
Hillary NUNEZ.
No. CA 0005.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
Rehearing Denied January 14, 1983.
Roy A. Raspanti, New Orleans, for appellant.
Daniel L. Dysart, Chalmette, for appellee.
Before GULOTTA, CIACCIO and WARD, JJ.
CIACCIO, Judge.
This is an appeal from a judgment dismissing plaintiff's suit for personal injuries and other losses suffered as a result of a fight with defendant. We reverse, render judgment and award damages in favor of plaintiff.
The facts, as found by the trial court, are as follows:
"The incident arose between plaintiff, Lynn B. Dean, and the defendant, Hillary J. Nunez, both of whom are members of the St. Bernard Parish School Board and occurred at a meeting on the night of *1300 Feb. 9, 1981 at the school board office in Chalmette, La.
The meeting was called to formulate questions to propound to the several candidates who had applied for the position of superintendant of Public Schools, Parish of St. Bernard. After the normal opening ceremonies, a motion was made, seconded and carried by a 10 to 1 vote that the Board retire into executive session. The plaintiff, Lynn B. Dean, cast the only negative vote.
The plaintiff, Mr. Dean, had a tape recorder and had taped the initial opening proceedings and the vote to go into executive session. Mr. Dean intended to and did record the entire proceedings of the executive session. Upon opening the executive session, the matter concerning the tape recorder was discussed and most, if not all of the members, requested Mr. Dean not to use the tape recorder.
Mr. Dean insisted that he had a right, indeed a constitutional right, to use his tape recorder and that there was nothing in the School Board procedural manual that prevented him from doing so nor was there any law on the books that prevented him from doing so. The slightly heated controversy calmed down when the Chairman, Mr. John R. Lane, stated that since he had not been able to be guided by any legal opinion or statutory authority, that he felt that he had to allow Mr. Dean the prerogative of using the tape recorder.
However, he did call the School Board's legal advisor, Mr. Sal Cusimano, Assistant District Attorney for the Parish of St. Bernard, into the room for the purpose of giving his opinion. It is unclear as to whether Mr. Cusimano ever gave an opinion as he did not testify.
Some of the members then proceeded to discuss the matters for which the meeting was called but Mr. Nunez stated that the question of the tape recorder had not been resolved and that he would like it resolved before the Board proceeded further. The argument began anew and the essential facts are:
1. That Mr. Nunez insisted that the tape recorder be turned off.
2. Mr. Dean insisted upon his constitutional rights.
3. Mr. Nunez stated that he would throw the tape recorder against the wall.
4. Mr. Dean said that if Mr. Nunez had $75.00 he could come throw it against the wall and then later
5. Mr. Nunez stated that he would throw the tape recorder in a bucket of water.
6. Mr. Dean stated that if Mr. Nunez tried to do that, he would be in trouble.
7. There was some declaration by Mr. Dean that a law suit should be had to determine the issue.
8. Mr. Nunez said, "I will turn the bastard off".
9. Mr. Nunez got up from his chair and walked to the chair or position of Mr. Dean. (The question of the quickness or speed of his gait engendered much testimony but the Court resolved the issue by concluding that Mr. Nunez walked to Mr. Dean's chair).
10. Upon seeing Mr. Nunez arise from his chair, Mr. Dean also arose.
11. Upon arriving at Mr. Dean's chair, Mr. Nunez reached towards the tape recorder.
12. Mr. Dean thrust out his right arm and contacted Mr. Nunez somewhere in the upper torso at the neck line or slightly below, whereupon Mr. Nunez swung and hit Mr. Dean who fell backwards and onto the floor.
... Mr. Dean suffered a minor fracture of the nasal bone, small lacerations of the lower portion of his nose, small abrasions of the cheek and above the right eye brow, discoloration and swelling of the face with a slight chest injury which was caused when Mr. Dean fell across the chair. His period of greatest pain lasted for one week and diminished within three weeks except for some possible re-occurring chest pain which lasted for about 6 weeks.
*1301 The plaintiff-appellant contends that the trial court erred (1) in holding that plaintiff provoked the incident resulting in his injuries, (2) in holding that defendant struck plaintiff in self-defense, and (3) in assessing the damages at only $500.00 for physical pain and suffering and in assessing no damages for humiliation and embarrassment.
In battery cases the plaintiff has the same burden of proof that the plaintiff has in any tort or damage suit. Freeman v. Lee and Leon Oil Co., Inc., 409 So.2d 408 (La.App. 4th Cir.1982); Knuckles v. Beaugh, 392 So.2d 710 (La.App. 3rd Cir. 1980). After the plaintiff meets this burden it becomes incumbent upon the defendant to prove justification or provocation for the battery and this is to be determined in light of the circumstances and facts of each individual case. Freeman v. Lee and Leon Oil Co., Inc., supra; Ogden v. Smith, 344 So.2d 1099 (La.App. 3rd Cir.1977).
The evidence clearly established and the trial court found that Mr. Nunez punched Mr. Dean. We must next determine whether there exists any justification for this battery. The trial court found that Mr. Nunez was provoked and acted in self-defense. We disagree.
Mere words, no matter how calculated they were used to excite or irritate, cannot justify a battery. Morneau v. American Oil Company, 272 So.2d 313 (La. 1973) reiterating the holding in Richardson v. Zuntz, 26 La.Ann 313 (1874). Prior to Mr. Nunez leaving his seat only words had passed between the parties. When Mr. Nunez left his seat and approached Mr. Dean, he disturbed the status quo and physically became the aggressor. Even if his initial intention was only to turn off the tape recorder, Mr. Nunez had no justification for committing such a trespass on plaintiff's property.
Mr. Dean, on the other hand, was confronted with the approaching, angry Mr. Nunez threatening to at least turn the tape recorder off and having previously threatened to do serious damage to the tape recorder. Everyone has the right to defend his person or his property, so long as he uses only as great a defensive force as is necessary for that purpose. Bond v. Toriello, 260 So.2d 727 (La.App. 4th Cir.1972); Smith v. Foucha, 172 So.2d 318 (La.App. 4th Cir. 1965). Mr. Dean chose to place himself between Mr. Nunez and the tape recorder. When Mr. Nunez was close enough to reach for the recorder and attempted to reach the recorder, Mr. Dean attempted to push him away and block his access to the recorder.
Mr. Nunez was leaning against Mr. Dean; this was a battery. Mr. Dean's push was not of excessive force and was not sufficient to justify Mr. Nunez in believing that he was about to receive bodily harm. Mr. Nunez remained the aggressor. Mr. Dean's push was justified in defense of both his person and his property.
Mr. Nunez responded by punching Mr. Dean causing the injuries found by the trial court as noted above. The only provocation for the punch were Mr. Dean's argumentative words, defiant behavior and the push. We have discussed the rule that the words could not justify the punch. Neither can defiant behavior justify a battery. See: Smith v. Bankston, 75 So.2d 880 (La.App. 1st Cir.1954). The only justification arising from the push would be an act of self-defense.
In Wright v. Green, 256 So.2d 780 (La. App. 2d Cir.1972), the court found that in the tension filled atmosphere following an automobile accident any pushing motion by plaintiff (if it occurred) did not justify defendant in believing he was about to receive bodily harm. And "[a]lthough his [plaintiff's] manner of speaking to Green [defendant] may have been sarcastic and not in the best of taste, we do not believe it was sufficient to justify physical retaliation by Green." In a similar fashion, the words and actions of Mr. Dean did not justify physical retaliation by Mr. Nunez. Mr. Nunez was not in danger of receiving bodily harm, therefore, his actions cannot be justified as self-defense.
The trial court relied on the case of Harrell v. Mayer, 306 So.2d 340 (La.App. 3rd *1302 Cir.1975), in concluding that Mr. Nunez acted in self-defense. In Harrell v. Mayer, plaintiff was angry and greatly agitated, he advanced toward the defendant, cursed the defendant and raised his arms as if to make physical contact. Defendant punched the plaintiff. Here, Mr. Dean did not advance toward Mr. Nunez, but vice versa. The physical contact made by Dean was not meant to harm, but only to keep Mr. Nunez away from the tape recorder. Harrell v. Mayer is not applicable to this case.
The trial court also made much of Mr. Dean's irritating, contrary, defiant behavior. Neither words nor lawful defiant behavior, alone or in conjunction, can justify a battery. The Constitutions and laws of the United States and of the State of Louisiana protect and guarantee an individual's right of lawful dissent. In this country a person may express unpopular and contrary ideas and may exhibit lawfully defiant behavior without fear of physical retaliation. Our system of justice under law commands the use of judicial process rather than force for the settling of disputes. Morneau v. American Oil Company, supra.
Because defendant's punching of plaintiff cannot be justified either by provocation or self-defense, we hold defendant liable for plaintiff's injuries.
On the night of the altercation Mr. Dean went to the emergency room at DeLa Ronde Hospital and received emergency treatment. The next day he sought examination and treatment by Dr. Ellis and again saw Dr. Ellis on one other occasion. Mr. Dean's medical expenses totalled one hundred two ($102.00) dollars. Plaintiff's petition also prayed for compensation for pain and suffering.
Plaintiff received a punch in the nose of such severity as to knock him to the floor and render him unconscious or at least temporarily dazed. Trial testimony and photographic evidence revealed that Mr. Dean suffered a minor fracture of the nasal bone, small lacerations of the lower portion of his nose, a large ugly abrasion on his right cheek from his nose to his jaw, an abrasion above his right eyebrow, discoloration and swelling of his face and eyes, his right eye was blackened, and a chest injury which apparently was caused when Mr. Dean fell across the chair. Mr. Dean bled profusely as a result of these injuries.
As a duly elected member of a local school board Mr. Dean was conscientiously attempting to perform his duties within his legal rights as he understood them to be. Mr. Dean correctly asserted that judicial process represented the proper course for resolving the controversy. There was no legal justification for Mr. Nunez's resort to physical force against another elected official who was expressing contrary ideas. The incident caused Mr. Dean to suffer humiliation and embarrassment in the presence of his fellow board members, and his lingering facial injuries caused him to suffer humiliation and embarrassment for several weeks thereafter.
We find that plaintiff is entitled to an award of two thousand five hundred ($2,500.00) dollars as compensation for his injuries, pain and suffering, humiliation and embarrassment.
For the reasons expressed herein, we reverse the judgment of the trial court and render judgment in favor of plaintiff, Lynn B. Dean, and against defendant, Hillary J. Nunez, in the full sum of two thousand six hundred two ($2,602.00) dollars together with legal interest on such sum from the date of judicial demand until paid. Costs are assessed against appellee.
REVERSED AND RENDERED.