KING, Judge.
The sole issue presented by this appeal is whether the trial court erred in finding the defendant liable for his battery of the plaintiff in view of the actions and words of the plaintiff.
Plaintiff-appellee, Steven Barras, (hereinafter Barras) filed suit against the defendant-appellant, Michael Touchet, (hereinafter Touchet) seeking to recover damages and medical expenses arising as a result of Touchet striking him. From an adverse judgment of the trial court awarding Bar-ras $90.00 in medical expenses and $1,000.00 in general damages Touchet timely perfected this appeal. Barras answered the appeal seeking an increase in the award of general damages. We affirm.
FACTS
The record shows that both parties were employed by Page Wire Rope and Sling, Inc., in Lafayette, Louisiana, on June 8, 1982. Touchet was employed as a manager while Barras was a laborer under his supervision. The evidence further shows that Barras was disgruntled over what he thought was heavy-handed supervision by *174 Touchet. On the morning of June 8, 1982, Barras and a co-employee, deciding to make known their disapproval of what they perceived to be mistreatment by Touchet, perpetrated a “prank” upon Touchet by crossing two spark plug wires on the motor of Touchet’s company truck. When Tou-chet drove to lunch in the truck it stalled, because of the switched wiring, and Tou-chet stated that the incident nearly caused him to be involved in a traffic accident. When Touchet returned to work after lunch he had another employee, Gene Gui-dry, examine the truck and at that time the crossed spark plug wires were discovered. Guidry told Touchet that he recalled having seen Barras and a co-employee working under the hood of the truck earlier that day.
Touchet reported these facts to Mr. Don Page, Vice-President of the company, who then called Touchet, Barras and the co-employee into his office. When questioned by Mr. Page about the incident Barras admitted that he and the co-employee had crossed the spark plug wires on Touchet’s truck. Mr. Page spoke to Barras and the co-employee about the seriousness of their actions and about the harm that could have befallen Touchet. Barras then responded in a profane manner that he did not care about Touchet’s safety. At that point, Tou-chet advanced toward Barras and struck him twice on the mouth with his clenched fist, splitting Barras’ lip and knocking him down. Barras made no attempt to strike Touchet and in fact did not strike Touchet.
Subsequently, Barras was examined and treated by Dr. E.M. Harrell. Barras received three stitches in his lip, and medication. His treatment continued for some two weeks and the total medical bill was $90.00.
LIABILITY OF TOUCHET
It is well-settled rule of law that liability for a battery depends upon the peculiar facts and circumstances of each case and resort must be had to the evidence to determine who is the aggressor and whether any provocation occurred which was sufficient to justify the battery. Dean v. Nunez, 423 So.2d 1299 (La.App. 4th Cir. 1983), writ denied, 430 So.2d 76 (La.1983); Knuckles v. Beaugh, 392 So.2d 710 (La. App. 3rd Cir.1980); Byrd v. Isgitt, 338 So.2d 374 (La.App. 3rd Cir.1976); Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (La. 1969). In a battery case the plaintiff has the same burden of proof as that of any plaintiff in a tort or damage suit; similarly, in a battery case the defendant has the burden of proof to establish sufficient facts to constitute a provocation or a justification for the battery. Moreland v. Brasseaux, 445 So.2d 1236 (La.App. 3rd Cir.1984); Dean v. Nunez, supra; Knuckles v. Beaugh, supra. To establish a provocation, the defendant must show some conduct or action by the plaintiff sufficient to provoke and arouse the defendant to the point of physical retaliation. Moreland v. Brasseaux, supra; Knuckles v. Beaugh, supra. Mere words, no matter how calculated they were used to excite or irritate, cannot justify a battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973), reiterating the holding in Richardson v. Zuntz, 26 La.Ann. 313 (1874). Neither can defiant behavior justify a battery. Dean v. Nunez, supra.
Review of the facts and circumstances of the instant case reveals that the actions and words relied upon by Touchet to justify his battery of Barras consists of the actions of Barras’ “prank” in crossing the spark plug wires on Touchet’s company truck (causing the truck to stall), Barras’ defiant behavior when confronted with the “prank,” and Barras’ profane language directed to Touchet. When Barras was told that his prank could have caused injury to Touchet and he replied “I don’t give a f_k.” It was at this point in time that Touchet struck Barras. The trial judge held these actions and words were insufficient provocation to justify the battery. Any danger to Touchet, caused by the truck stalling in traffic, had occurred several hours before the battery occurred. When Touchet discovered that his truck had been tampered with, he possessed the *175 coolness of mind to report the incident to his supervisor. Only after Mr. Page reprimanded Barras as to the danger he had caused to Touchet did Barras curse Tou-chet. Since any physical danger to Touchet had occurred several hours earlier and Tou-chet did not attempt to strike Barras when he first admitted his “prank,” it is clear that the “mere words” of Barras, together with Barras’ prior actions, are what caused the battery.
The trial court held that Barras’ actions and words did not constitute sufficient provocation so as to justify Touchet’s battery upon Barras and that Touchet did not meet his burden of proof of showing justification for his battery by any provocation of Barras. We do not find that this ruling by the trial court is manifestly erroneous and it will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
DAMAGES
Barras seeks an increase in general damages. A reviewing court cannot disturb a trial court’s award of damages unless there was a clear abuse of discretion. Then, the appellate court can only adjust the award by raising or lowering it to the highest or lowest point which is reasonably within the discretion of the trial court. Reck v. Stevens, 373 So.2d 498 (La. 1979). Each personal injury case must be evaluated according to its own peculiar facts and circumstances. Moreland v. Brasseaux, supra; Wilkinson v. Hartford Acc. & Indem. Co., 421 So.2d 440 (La.App. 3rd Cir.1982). Under the facts of this case we do not find the trial court abused its discretion in fixing the amount of general damages for Barras’ injuries.
For the reasons given above the judgment of the trial court is hereby affirmed. The costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.