LOBRANO, Judge.
Glenn Serpas (Serpas) appeals from a decision of the Civil Service Commission (Commission) which reduced the disciplinary action taken against him from termination of employment with the New Orleans Police Department, to suspension without pay for approximately fifteen months. Serpas contends that this punishment was grossly excessive and seeks its reversal.
The factual background which led to the Commission’s ruling is as follows:
On April 21, 1983, Parking Control Aide, Sharon Myles was in the 500 block of La-Salle Street issuing citations for parking violations. Glenn Serpas had been subpoenaed to appear in Juvenile Court, Division A, and, in his hurry, had parked his truck against traffic. He initially put $.50 in the parking meter and testified he was re *1260 turning to the meter to put in more money when he saw Ms. Myles writing a ticket for his truck. He apparently approached Ms. Myles and questioned her as to the reason for the ticket. She told him it was because his truck was parked against traffic. At this point heated words were exchanged and Ms. Myles attempted to leave the scene. It is controverted whether Serpas identified himself as a police officer but, in any event, he attempted to physically restrain her from leaving. He grabbed her by the arm and she apparently retaliated by jabbing him in the neck and head with a ballpoint pen. Serpas then grabbed her hair and attempted to force her back across the street where the incident began. Apparently a citizen started running toward the two at which point Serpas let Myles go and called for assistance over his police radio. In less than two minutes, other officers arrived, handcuffed Myles and placed her in a police car. However, a call came saying that no one was to be arrested until OMI had arrived. Myles was freed and OMI personnel escorted her to City Hall. Neither Serpas nor Myles have been criminally charged for their acts.
Ms. Myles testified that once Serpas became vociferous in questioning her about the ticket, she immediately began to move away from the scene toward City Hall where she thought her supervisor was located. She testified Serpas grabbed her by the arm and started beating her around her neck and face. She admitted she punched back in self-defense, but disclaims use of any object in her attack.
Glenn Serpas, on the other hand, testified when he confronted Myles about the ticket, she laughed at him and repeatedly cursed him. Serpas testified he identified himself three times as a police officer in an attempt to have her stay at the scene until both their supervisors could come and determine whether the ticket was appropriate. He testified she then punched him in the face. At that point he placed her under arrest for battery of a police officer and the altercation began in earnest.
Four months after this incident occurred the Police Department conducted an initial hearing resulting in Serpas’ dismissal two months later. The Commission rendered its decision on January 25, 1985 reinstating Serpas, but imposing a suspension of almost 15 months.
The disciplinary letter of October 25, 1983 to Serpas indicates he was terminated because (1) he committed a battery on Myles; (2) untruthfulness and (3) appearance in Court without proper attire.
The factual findings of the Commission indicates that it gave more credit to Serpas’ version of the facts than that of Myles. They conclude:
“While we do not condone Serpas’ action, we believe Myles’ behavior was one of the type to cause Serpas to begin physical behavior.”
******
“Although Myles appears to us as the provocateur in this incident, Serpas is not without blame. Serpas could have avoided this incident by simply taking his ticket and walking away from Myles. Ser-pas apparently felt wronged by the issuance of the citation and Myles exacerbated the situation with her vulgarity and haughtiness.”
We conclude that there is sufficient evidence in the record to substantiate the Commission’s finding that Serpas did commit a battery on Myles. The burden of proof is less in a Civil Service hearing than in a criminal proceeding. Although the facts must be “clearly” established they need not be established “beyond a reasonable doubt”. Savoie v. State, Department of Corrections, 394 So.2d 1285 (La.App. 1st Cir.1980); Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978). Furthermore, our jurisprudence is clear that words, no matter how calculated to irritate or excite, cannot justify a battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Dean v. Nunez, 423 So.2d 1299 (La.App. 4th Cir.1982).
Although not specifically addressed by the Commission in its findings, we do *1261 not find sufficient evidence to substantiate the charges of untruthfulness and appearance in Court without proper attire.
As previously stated the Commission suspended Serpas from October 23, 1983, the date he was terminated by the Department to the date of reinstatement (presumably within seven days of the January 25, 1985 ruling). In its reasons the Commission noted that the Department gave no explanation for the six month delay from the date of the incident to the date of the disciplinary action. It further stated, “[wjhile the suspension may seem to be of unusual length, appellant was responsible for approximately six months of this due to continuances which he requested.”
The guidelines for judging the Commission’s disciplinary actions was clearly stated by our Supreme Court in Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984).
“In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with thé infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.” Id. at Ilf
It is apparent to this Court that the only criteria utilized by the Commission in determining the appropriate disciplinary action was the time delay between the offense date and the date of the actual hearing. The issue of delay is addressed by the Commission in terms of it not being prejudicial to Serpas and that he (Serpas) was partly to blame for the numerous continuances. Based on this reasoning, presumably the suspension would have been much less if the Department had acted more promptly, and Serpas had not asked for continuances.
We therefore, conclude that the suspension of almost fifteen months was arbitrary, and not commensurate with the infraction. In the interest of judicial economy, rather than remand,[1] we determine that a six month suspension without pay, but without loss of rank, privileges or other emoluments, is appropriate.
AMENDED, AND AS AMENDED, AFFIRMED.

. See the concurring and dissenting opinion of Justice Marcus in Walter v. Department of Police, supra.