CULPEPPER, Judge.
The plaintiff, Dr. Edward M. Harrell, seeks damages for personal injuries sustained as the result of a battery committed by the defendant, Henry Mayer. Defendant contends he acted in self-defense. Pursuant to a jury verdict in favor of defendant, judgment was rendered dismissing plaintiff’s suit. Plaintiff appealed.
The issues are: (1) Did defendant strike plaintiff in self-defense? (2) Did defendant use excessive force under the circumstances ?
The facts are that plaintiff and defendant were members of the Board of Trustees of the Lafayette General Hospital. Prior to the board meeting of January 23, 1973, the nurses and certain physicians, including Dr. Harrell, had signed a petition listing approximately 40 grievances against the hospital administration. During the board meeting, Dr. Harrell severely criticized the hospital administration. This criticism was not directed at anyone in particular, but the evidence shows clearly that Dr. Harrell was greatly agitated.
The only evidence indicating any reason for personal differences between plaintiff and defendant is the testimony of defendant that after Dr. Harrell stated at the board meeting that the hospital administrators were not keeping the doctors properly advised, defendant stated in effect that the hospital was not “an edifice or monument for doctors” and that it should be operated for the benefit of the public.
During the meeting, Dr. Burdin, the board chairman, read a letter written by Dr. Beacham complaining of the hospital administration. Dr. Harrell insisted that Dr. Beacham appear in person. Dr. Bur-din advised that Dr. Beacham did not wish to appear personally. The board decided not to take any action on the complaints.
After the board meeting adjourned, Dr. Harrell' was leaving and he met Dr. Beacham in the hospital. Apparently, Dr. Beacham agreed to return to the board room and address the members. Dr. Harrell immediately went back to the conference room and requested that Dr. Burdin reconvene the meeting to hear a statement by Dr. Beacham. Dr. Burdin declined, stating that some of the board members had already left.
Dr. Harrell left the conference room and went into the hall. Then he suddenly returned to the conference room and advanced toward the defendant, Mr. Mayer. Defendant testified that Dr. Harrell rushed at him “flailing” his arms and cursing. *342 He said he thought Dr. Harrell was either trying to hit him or to grab him. Mayer testified his reaction was to protect himself, so he blocked the doctor’s arms with one hand and struck the doctor one blow to the mouth with his fist. Plaintiff’s lip was cut and a tooth was cracked. He fell back against the door, cutting his forehead. Then he fell down and struck the back of his head on the terrazzo floor, receiving another laceration. Defendant and some of the doctors immediately began to try to stop the bleeding and give first aid.
Plaintiff suffered amnesia as a result of his head injury. He was unable to testify as to the events immediately preceding the blow.
Dr. Burdin, the chairman of the board, corroborated defendant’s testimony that plaintiff was greatly agitated, that he advanced on defendant and that he cursed him. Dr. Burdin testified as follows:
“Q He started out the hall' — you don’t know how far down the hall be got?
“A No.
“Q You do know that he suddenly appeared again, don’t you ?
“A Right.
“Q You do know that upon his appearing again that he addressed himself to Mr. Mayer and called him a damn liar, called him a liar, didn’t he?
“A Right.
“Q You recognized his voice to be that of Dr. Harrell ?
“A Right.
“Q That voice was in an aggravated tone, wasn’t it ?
“A It was.
“Q Then after that, after having said that, he said ‘you are a god damn liar’, didn’t he ?
“A He did.”
Mr. William Mouton, an attorney and also a member of the board, testified as follows regarding the critical phase of the case:
“Q Then what did you hear ?
“A Then I heard Dr. Harrell say — the words I heard was damn son of a bitch, and then I heard a scuffle noise and I turned around and Dr. Harrell was bleeding from the lip and falling. It was over my left shoulder, to the rear of where I was sitting.”
Mr. William Carroll, the administrator of the hospital, testified that although he could not recall the exact words which were said by Dr. Harrell, the tone of his voice was obviously hostile and he sensed impending violence. Mr. Carroll testified that although he could not tell whether plaintiff had his arm cocked to strike defendant, “it appeared that both people had their arms raised like he would shove and somebody would shove back and it all happened so quickly I really don’t know.”
There is no evidence of any previous personal difficulty between plaintiff and defendant. There is no evidence that Mr. Mayer was agitated or that he was angry, either before or after the blow was struck.
Three witnesses, Dr. Burdin, Mr. Mouton and Mr. Carroll, corroborate defendant’s uncontradicted testimony. The evidence shows clearly that Dr. Harrell was angry and greatly agitated, that he returned to the conference room' and advanced toward Mr. Mayer, that he cursed Mr. Mayer and that he raised his arms as if to make physical contact of some kind with defendant. We find the evidence is amply sufficient to support a jury decision that defendant reasonably believed he was *343 in danger of being physically attacked and that he was justified in striking the blow in self-defense.
Plaintiff’s principal argument is that defendant’s credibility is destroyed by contradictory statements which he made to different persons after the incident. Dr. Bur-din testified that defendant told him he had “too hot a temper.” Dr. Beacham said Mayer told him he did it because Dr. Harrell cursed him, and that defendant explained how he removed the doctor’s glasses with one hand and struck him with the other. The jury saw and heard all of these witnesses. Apparently the jury decided to believe defendant’s version of the incident. This was a decision of fact based on credibility and was clearly within the discretion of the jury.
As to the plaintiff’s alternative contention that defendant used more force than was necessary, the facts show that at the time of the incident, Dr. Harrell was 58 years of age. Mr. Mayer was about 56 years of age. The evidence does not show a substantial difference in the physical strength of the two men.
Defendant struck plaintiff only one. time, a blow to the mouth, which cut plaintiff’s lip through and through and fractured a tooth. The injury to the forehead was caused when plaintiff fell back against.the door and the injury to the back of his head was caused when he fell to the terrazzo floor.
The one blow which defendant struck was unquestionably hard enough to cut plaintiff’s lip and knock him back against the door. But the jury apparently concluded that under the circumstances the defendant did not use excessive force. In view of plaintiff’s extreme anger and agitation, his advancing on defendant and cursing him and flailing his arms, we find there was ample evidence to support a decision by the jury that the defendant did not use excessive force.
We are aware of the recent decision by our Supreme Court in Morneau v. American Oil Company, La., 272 So.2d 313 (1973) which holds that mere words, even though designed to excite or irritate, cannot excuse a battery. However, that case is distinguished from the present matter, since here we have more than mere words. Here, the defendant reasonably believed he was being physically attacked.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.