CAROL A. FULLER and MARY ANN ASTI, Appellants, *v.* FRANK V. INCOPERO and CHRISTINA M. INCOPERO, Respondents.

No. 12131

October 13, 1981 634 P.2d 452

[Rehearing denied December 8, 1981]

*Stokes, Shaw, Heaton and Doescher, Ltd.,* Carson City, for Appellants.

*Eck, Harkins & Beckett, Ltd.,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This case arises from a dispute between the seller and her agent (appellants) and the buyers (respondents) of residential property in Carson City. Respondents contended that appellants fraudulently misrepresented to them the dimensions of the property, and that appellants later wrongfully and maliciously caused a notice of default and election to sell to be filed on the property, to respondents' damage.

The jury awarded respondents $8,000 in compensatory damages and $10,000 in punitive damages for "fraudulent" misrepresentation, and $1,050 in compensatory damages plus $2,500 in punitive damages for slander of title. Appellants' only contention upon appeal is that the verdict was not based upon substantial evidence.

Upon review of the record, and in light of the jury instructions, to which no objections were raised either below or in this court, we are unable to find that appellants have demonstrated error with regard to the verdicts for respondents or the awards of compensatory damages.[1] However, we do not find in the record sufficient evidence to justify the awards of punitive damages, and therefore modify the judgment to that extent.

In Village Development Co. v. Filice, 90 Nev. 305, 526 P.2d 83 (1974), defendant corporation sold a residential building lot to plaintiffs, and subsequently approved their building plans, without warning plaintiffs that the portion of the lot upon which they planned to build was situated in the flood plain of a mountain stream, although this fact was known to the corporation's management. We found that "[t]he record contains evidence to show negligence and unconscionable irresponsibility. Still, after careful consideration and extensive debate, we find insufficient evidence to support a finding of 'oppression, fraud or malice, express or implied.' " *Id.* at 315, 526 P.2d at 89.

Similarly, in this case, while the record may be read to support an inference that the seller and her agent negligently failed

---

[1] In particular, we note that the jury was instructed that "fraudulent" misrepresentation could be found if the plaintiffs had established that the defendants "knew or believed that the representations were false or that they did not have sufficient information to make such representations or that the Defendants *should have known* that the information was false". (Emphasis added.) *Compare* Sanguinetti v. Strecker, 94 Nev. 200, 206, 577 P.2d 404, 408 (1978); Lubbe v. Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975).

to ascertain the true dimensions of the property, it is barren of any evidence which would support an award of punitive damages.

We therefore modify the judgment in favor of respondents by striking the awards of $10,000 and $2,500 in punitive damages, and otherwise affirm.