CHARLES L. KELLAR, CHARMICOR, Inc., and BET-TYE KELLAR, Appellants, *v.* WILLIAM W. BROWN, Respondent.

No. 15617

June 20, 1985                                    701 P.2d 359

[Rehearing denied September 24, 1985]

*Charles L. Kellar,* Las Vegas, for Appellants.

*Denton & Denton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal challenges a judgment entered upon a jury verdict, which was returned in action based on breach of warranty and on fraud. The dispute involved the sale of a house allegedly infested by termites. The thrust of respondent's complaint is that, although appellants Charles Kellar and Charmicor corporation allegedly knew of the termites, they induced respondent to purchase the home by producing a favorable inspection report that they had reason to know was false. On appeal, appellants contend that the jury's award of $7,900 compensatory damages, and the award of $40,000 punitive damages, are not supported by substantial evidence.

Our review of the record indicates that respondent presented substantial evidence to support the jury's award of compensatory damages. We have concluded, however, that for a number of reasons the award of $40,000 in punitive damages is unjustified. In the first place, it appears that when respondent initially complained about the presence of termites, appellants attempted to settle the dispute by suggesting the prospect of a rescission. We cannot know, of course, whether appellants would have been willing to make full restitution for all of respondent's damages, for respondent did not pursue negotiations in this regard. It appears, however, that appellants showed some disposition to compose differences with respondent in an amicable manner. Moreover, although we believe the record will support a finding that the appellant initially intended to deceive respondent, the evidence might also be interpreted in a more charitable light. For these reasons, and others, we believe a punitive award of more than five times respondent's actual damages is disproportionate and unnecessary to deter appellants from like wrongdoing in the future.

In our view, $7,500 is the maximum amount that could be reasonably awarded under the circumstances. The judgment will therefore be set aside and a new trial will be ordered on the issue of punitive damages, unless respondent Brown files within fifteen days of the date of filing of this opinion a remittitur damna in which all amounts over $15,400 are remitted. In the event of such remission the judgment will be affirmed.[1] *See,* Nevada Ind. Broadcasting v. Allen, 99 Nev. 404, 664 P.2d 337 (1983); Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962).

Appellants' remaining contentions have been considered and have been found to lack merit.

---

[1]The judgment, as conditionally modified, is computed as follows: compensatory damages, $7,900; punitive damages, $7,500; total, $15,400.