FIRST INTERSTATE BANK OF NEVADA, Appellant, *v.* JAFBROS AUTO BODY, INC., Respondent.

No. 19091

February 20, 1990                    787 P.2d 765

*Robison, Belaustegui & Robb* and *Creighton C. Skau,* Reno; *Waldman, Gordon & Silver* and *Bruce T. Beesley,* Reno, for Appellant.

*William W. Harrison,* Sparks, for Respondent.

## OPINION

*Per Curiam:*

This case arises from an error by appellant First Interstate Bank (FIB) in failing to credit a deposit to the account of respondent Jafbros Auto Body, Inc. (Jafbros). FIB compounded its error by failing to temporarily credit Jafbros' account, as it promised it would, after Jafbros brought the error to FIB's attention. As a result, FIB wrongfully dishonored certain Jafbros' checks which caused Jafbros to suffer injury to its business. Adding insult to

injury, when FIB ultimately corrected its error and credited Jafbros' account, it neglected to remove entries in the account history that reflected the checks FIB had wrongfully dishonored. This in turn caused Jafbros to be denied check cashing privileges at an establishment where it frequently purchased shop supplies. To make matters worse, after being apprised of the errors in its records it took FIB from May 27, 1986, until August 18, 1986, to resolve the situation it created due to its own negligence. Although Jafbros suffered no compensable injury in being denied the check cashing privileges, it nonetheless was inconvenienced, and its principals suffered embarrassment.

A jury awarded Jafbros $13,682.84 in compensatory damages and $50,000 in punitive damages. FIB does not dispute that its negligence caused Jafbros compensable injury, nor does it suggest that the jury's award of compensatory damages was in error. It contends, however, that the jury's award of punitive damages is not supported by substantial evidence and that it must be reversed. We agree.

NRS 42.010[1] authorizes awards of punitive damages and, in relevant part, provides:

> In an action for the breach of an obligation not arising from contract, where the defendant:
> 1. Has been· guilty of oppression, fraud or malice, express or implied; . . . the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

An award of punitive damages may not stand where the record lacks substantial evidence to support the required finding of "oppression, fraud or malice, express or implied." Village Development Co. v. Filice, 90 Nev. 305, 315, 526 P.2d 83, 89 (1974). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 792 P.2d 497, 498 (1986). Whether substantial evidence supports a jury's award of punitive damages is a question of law. Henderson v. Security Nat'l Bank, 140 Cal.Rptr. 388, 72 Cal.App.3d 764 (1977). In considering whether the evidence supports the findings necessary for an award of punitive damages, we "assume that the jury believed all the evidence favorable to the prevailing party and drew all *reasonable* inferences in [that party's] favor." Paulin v. Sutton, 102 Nev. 421, 423, 724 P.2d 749, 750 (1986) (emphasis supplied).

---

[1]NRS 42.010 was renumbered and is now NRS 42.005.

The evidence supports an inference that FIB was negligent to the point of being unconscionably irresponsible. Yet, without substantial evidence of oppression, fraud or malice, even unconscionable irresponsibility will not support a punitive damages award. Fuller v. Incoperno, 97 Nev. 448, 449, 634 P.2d 452, 453 (1981). Jafbros did not allege fraud, and from the evidence presented we do not believe that the jury reasonably could have inferred that FIB subjected Jafbros to "cruel and unjust hardship in conscious disregard of [Jafbros'] rights." *See* Jeep Corp. v. Murray, 101 Nev. 640, 650, 708 P.2d 297, 304 (1985). Nor do we believe that the evidence could support a reasonable inference of malice. NRS 42.010.

In the absence of substantial evidence of oppression, fraud or malice the jury's punitive damages award cannot stand. Accordingly, we reverse the award of punitive damages. The judgment is affirmed in all other respects.