26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph M. KADANS; Adele Kadans, Plaintiffs-Appellants,
v.
CITICORP MORTGAGE, INC., a Delaware corporation, Defendant-Appellee.
 No. 93-15583.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided June 3, 1994.
 
 Before: FERGUSON, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adele Kadans and Joseph Kadans, an attorney, appeal pro se from the district court's summary judgment for defendant Citicorp Mortgage, Inc. (CMI). The parties are familiar with the facts and proceedings, so we need not recite them here. We affirm the district court's grant of summary judgment to CMI.
 
 
 3
 The district court's grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, this court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 609 (9th Cir.1993). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 4
 After ample time for discovery, and an opportunity to overcome the deficiencies in the initial complaint, the Kadans did not come forward with evidence that the actions of CMI were a substantial factor in bringing about any injuries to them. Their negligence claim was therefore properly dismissed by summary judgment. See Doud v. Las Vegas Hilton Corp., 864 P.2d 796, 798, 801 (Nev.1993). The alleged factual dispute concerning the Kadans' failure to forward a copy of the back of the check is not material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. A dispute over whether or not the Kadans provided a copy of the back of the check with Mr. Kadans' letter of September 1990 would not preclude the entry of summary judgment in this case. See Doud, 864 P.2d at 798, 801.
 
 
 5
 Mrs. Kadans' claim for negligent infliction of emotional distress fails as a matter of law. The Kadans presented only the affidavit of Mrs. Kadans as evidence of her medical problems. There are no medical records or affidavits from any of her doctors in the record. This is insufficient to demonstrate serious emotional distress or physical injury or illness. See Chowdhry v. NLVH, Inc., 851 P.2d 459, 462 (Nev.1993). "[T]he less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress." Id. (internal quotation omitted). In addition to the lack of required medical evidence, the facts in this case do not demonstrate the existence of extreme or outrageous conduct. See id.
 
 
 6
 Likewise, the Kadans' claim for intentional infliction of emotional distress is deficient. In order to recover for the intentional infliction of emotional distress, a plaintiff in Nevada must establish the following elements: "(1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress." Nelson v. City of Las Vegas, 665 P.2d 1141, 1145 (Nev.1983). The Kadans offered no evidence in support of their allegations. They failed to meet their burden and summary judgment on this claim is warranted.
 
 
 7
 The district court did not explicitly rule on the Kadans' claim for punitive damages. Nevada law authorizes punitive damages "in addition to the compensatory damages," N.R.S. 42.005(1), and the Kadans have not demonstrated any entitlement to compensatory damages. Furthermore, the district court found no proof of malice on the part of CMI. "An award of punitive damages may not stand where the record lacks substantial evidence to support the required finding of oppression, fraud or malice, express or implied." First Interstate Bank of Nev. v. Jafbros Auto Body, Inc., 787 P.2d 765, 767 (Nev.1990) (internal quotation omitted). "[W]ithout substantial evidence of oppression, fraud or malice, even unconscionable irresponsibility will not support a punitive damages award." Id. The record lacks the required evidence to support a punitive damages claim, and summary judgment is proper.
 
 
 8
 The district court did not err in ignoring the obviously erroneous discovery order that was generated almost two months after the court's previously set discovery deadline. The September 1992 scheduling order was obviously a clerical error which the district court could correct of its own initiative at any time. Fed.R.Civ.P. 60(a). The district court has "very wide latitude" to correct clerical mistakes, In re Jee, 799 F.2d 532, 535 (9th Cir.1986) (internal quotation omitted), cert. denied, 481 U.S. 1015 (1987), and the issuance of the erroneous scheduling order provides no ground for the Kadans to argue that discovery was still open. The district court did not abuse its discretion in allowing ninety days for discovery in this case, nor did it err in disregarding the erroneous scheduling order.
 
 
 9
 We have considered the additional arguments made by the Kadans and conclude that no further discussion is warranted.
 
 
 10
 CMI requests that this court impose sanctions against the Kadans for filing a frivolous appeal. See Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). An appeal is frivolous if the result is obvious or the arguments are wholly without merit. Wilcox, 848 F.2d at 1009. The Kadans' appeal is frivolous. We exercise our discretion to impose sanctions on the Kadans for raising frivolous issues on appeal. The Kadans are ordered to pay CMI $1,200. See Fed.R.App.P. 38; Wilcox, 848 F.2d at 1009. Costs are awarded to CMI.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3