JOSEPH GIORDANO AND PATSY GIORDANO, APPELLANTS, v. TROY W. SPENCER, RESPONDENT.

No. 23020

January 24, 1995                    888 P.2d 915

*R. Steven Young,* Las Vegas, for Appellants.

*Thomas H. Cochrane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Joseph Giordano was formerly employed by Reynolds Electrical and Engineering Company, Inc. at the Nevada Test Site. His general foreman was respondent Troy Spencer. Spencer and Giordano disliked each other. According to Spencer, Giordano was not a team player and "liked to dictate instead of going along with the game plan." In January 1984, Giordano and three other employees wrote a letter criticizing Spencer's job performance. As a result, Spencer was required to take a week off without pay.

On March 15, 1985, at approximately 7:00 a.m., Spencer informed another foreman, Navor Valdez, that a road grading machine was needed from an outlying area for an emergency job. Valdez assigned Giordano to transport the grading machine. At approximately 8:30 a.m., Spencer contacted Valdez and learned that Giordano had not yet begun to transport the machine. Spencer and Valdez then drove to the grading machine's location and discovered that Giordano had begun driving the machine and was traveling at a speed of approximately ten miles per hour. According to Giordano, the road was rough and therefore he could only drive the machine in its lowest gears.

When Spencer and Valdez arrived, Giordano pulled over and stopped the machine. Spencer instructed Giordano to disembark from the machine and told Giordano that he was taking too long. Spencer also informed Giordano that Valdez would drive the grading machine to its destination.

According to Giordano, when he removed himself from the grading machine, Spencer told him that "this is the last time you are going to screw me up, you s.o.b." Giordano proceeded to

explain the delay to Spencer, but Spencer would not listen. Instead, Spencer instructed Giordano to get into the truck. When Giordano turned away, he was hit from behind and rendered unconscious. When Giordano regained consciousness, Valdez was restraining Spencer, and Spencer was declaring that he wanted to kill Giordano.

According to Spencer, upon exiting the grading machine, Giordano attempted to justify the delay and insisted on arguing about it. Spencer instructed Giordano to get into the truck, but Giordano continued explaining the delay. Spencer told Giordano to get into the truck two more times and walked away from Giordano, but Giordano came up right behind him. When Spencer turned around, Giordano raised his fists in a fighting stance, had a "wild" look and called Spencer a "phony cock-sucker." Spencer believed that Giordano was going to hit him, and, to defend himself, Spencer hit Giordano in the face no more than two times. As a result, Giordano fell to the ground. Valdez and another employee, Melvin Matlock, witnessed the altercation. According to Valdez, when he and Spencer arrived at the grading machine, Giordano exited the machine, ran over to Spencer and asked what Spencer wanted. Spencer told Giordano to get into the truck and that Valdez would transport the grading machine. Spencer and Giordano then exchanged "words," during which Giordano raised his hands in an inquisitive manner and walked toward Spencer. Valdez did not notice whether Giordano's fists were closed. Valdez then saw Giordano fall backwards, but he did not see Spencer kick Giordano.

According to Matlock, after Giordano parked the grading machine, Giordano started explaining what took so long and used profanity in describing the grading machine's slowness. Spencer told Giordano to get into the truck three times, but Giordano continued explaining the delay. Giordano then threw his hands up in front of his face, and Spencer once again told Giordano to get into the truck. Spencer also explained that Valdez would transport the grading machine. Spencer then turned away, but Giordano apparently said something to Spencer. When Spencer turned around, Giordano raised his hands; at this point, Giordano was speaking loudly and using profanity. Matlock did not notice whether Giordano's fists were closed. Spencer hit Giordano once, and Giordano fell to the ground. Upon returning to the office, Matlock stated, in writing, that Spencer had kicked Giordano. At trial, however, Matlock testified that he did not see Spencer kick Giordano.

As a result of the encounter, Giordano suffered numerous lacerations, contusions and abrasions on his face and a contusion on his abdominal wall. In addition, Giordano required stitches in

his mouth. Because of the damage to and stitches in Giordano's mouth, he was unable to eat or chew for several days, and consequently received intravenous liquids at the hospital. Giordano was hospitalized for eight days.

On August 15, 1985, Giordano and his spouse, Patsy Giordano, filed an action against Spencer for assault and battery. In the complaint, Giordano alleged that he was assaulted and beaten by Spencer, and sought compensatory and punitive damages. A bench trial was held on February 26, 1991.

In its findings of fact, the court determined that after Spencer turned away from Giordano, Giordano approached him, made further statements, and raised "his arms and hands up in front of him in a belligerent manner." The court further determined that "seeing . . . GIORDANO approaching him in this manner, [Spencer] reasonably believed that . . . GIORDANO was about to strike him." In its conclusions of law, the court ruled that Spencer "reasonably believed that he was about to be unlawfully attacked by [Giordano] . . . [and] that [Spencer] acted in self-defense, and used only such force as reasonably appeared necessary to defend himself." The court entered judgment in Spencer's favor and awarded Spencer $2,000 in attorney's fees.

Giordano contends that the judgment is not supported by substantial evidence. We disagree. "The general rule is that where the evidence is conflicting and there is substantial evidence to support the judgment, it will not be disturbed." Polaris Industrial Corp. v. Kaplan, 103 Nev. 598, 601, 747 P.2d 884, 886 (1987). "Substantial evidence" has been defined as "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" First Interstate Bank v. Jafbros Auto Body, 106 Nev. 54, 56, 787 P.2d 765, 767 (1990) (quoting State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986)).

Self-defense is justified when the defendant reasonably believes that he or she is about to be attacked. The defendant need not believe that he or she is in danger of great bodily harm and need not wait to be attacked before engaging in self-defense. *See, e.g.,* Boston v. Muncy, 233 P.2d 300 (Okl. 1951); Martin v. Estrella, 266 A.2d 41 (R.I. 1970); *see generally,* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 19 at 124-25 (5th ed. 1984). Here, the court was faced with conflicting evidence regarding the altercation between Spencer and Giordano. It concluded that Giordano was the aggressor and that Spencer acted reasonably in self-defense when he hit Giordano. The trier of fact was entitled to make credibility determinations and to believe Spencer's version of relevant events, *see, e.g.,* Harrell v. Mayer,

306 So. 2d 340, 342 (La. Ct. App. 1975), and we conclude that substantial evidence supports the court's judgment. At trial, Spencer testified that Giordano argued with him and then approached him from behind, raised his fists, had a wild look in his eyes, and called him a "phony cocksucker." Spencer also testified that he believed that Giordano was going to strike him. In addition, an eyewitness testified that Giordano faced Spencer, raised his hands, and used profanity.

Additionally, the district court found that Spencer had not used excessive force in defending himself. We conclude that this finding is also supported by substantial evidence. Spencer and Giordano had a history of mutual dislike, and Spencer introduced evidence that Giordano appeared ready to attack him. According to Spencer, he hit Giordano no more than twice; an eyewitness testified that Spencer hit Giordano only once. Reasonably necessary force "is what [the defendant] reasonably believes his safety requires, and not that amount which one would decide necessary with the benefit of 20/20 hindsight." Jahner v. Jacob, 233 N.W.2d 791, 796 (N.D.), *cert. denied,* 423 U.S. 870 (1975). In light of the evidence presented at trial that Spencer hit Giordano with his fists no more than twice, the district court reasonably concluded that Spencer did not use excessive force under the circumstances. As the judgment is supported by substantial evidence, it will not be disturbed. Accordingly, we affirm the district court's judgment.