Kimberly **RICH, Plaintiff-counter-defendant—Appellant,**

v.

**OUTDOOR MEDIA DIMENSIONS, INC., Counter-claimant—Appellee,**

**and**

**Alexander Kim; Dong S. Kim; Karl Park, Defendants—Appellees.**

No. 04–16363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided June 6, 2006.

---

James S. Beasley, Reno, NV, for Plaintiff–Counter–Defendant–Appellant.

Kevin P. Ryan, Esq., Bader & Ryan Ltd., Reno, NV, for Defendants–Appellees.

Before: B. FLETCHER, KOZINSKI, and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Kimberly Rich appeals a jury verdict in favor of Outdoor Media Dimensions, Inc. ("OMD–NV") awarding the company $340,000 for breach of contract and $300,000 for conversion. We conclude that her arguments on appeal are without merit, and we affirm.

■ The district court did not err by submitting the interpretation of the Stock Buy–Back Agreement and Independent Contractor Retainer Agreement ("Agreement") to the jury. Under Nevada law, it is the province of the jury to determine the meaning of an ambiguous contract. *See Ringle v. Bruton,* 120 Nev. 82, 86 P.3d 1032, 1039 (2004) (per curiam). Here, the Agreement was "reasonably susceptible to more than one interpretation." *Margrave v. Dermody Props., Inc.,* 110 Nev. 824, 878 P.2d 291, 293 (1994). Either it imposed on OMD–NV legally distinct obligations to Herson and to Kim, severally, or it imposed on OMD–NV a unitary obligation to pay Kim for her share of the company, subject to the performance of certain duties by Herson. Therefore, the district court properly submitted the question of the contract's meaning to the jury.

For the same reason, it was not error for the district court to reject appellant's proffered jury instruction. The instruction, which stated that the delivery of the billboard permit sets prior to August 31, 2001, was not a condition precedent to OMD–NV's obligation to pay for Rich's stake in the company, would have conclusively established the meaning of the disputed contract. As noted above, the job of interpreting the ambiguous Agreement in light of all the circumstances belonged to the jury. The district court was therefore correct to refuse the instruction.

of this circuit except as provided by 9th Cir. R. 36–3.

■ We hold that there was sufficient evidence to support the jury's award of damages on the breach of contract claim. *See Kellar v. Brown,* 101 Nev. 273, 701 P.2d 359, 359 (1985) (per curiam) (reviewing an award for compensatory and punitive damages to determine whether it was supported by "substantial evidence"); *Fuller v. Incopero,* 97 Nev. 448, 634 P.2d 452, 453–54 (1981) (per curiam) (same). Appellant argues that the damages were unjustified given that OMD–NV paid only $100,000 of the purchase price, but her argument misses the point of the contract—according to the jury's interpretation of the Agreement, the company agreed to pay $750,000 in collective consideration of both her forty-five percent stake in the company *and nineteen valid permit sets.* The appellees introduced evidence that the company lost substantial revenue due to the failure to transfer the permit sets to OMD–NV. Indeed, Herson himself testified that similar billboards would have generated approximately $5,000 in rent every month. In light of the testimony that OMD–NV received only two valid permit sets out of the nineteen that were to be transferred under the Agreement, we hold that the jury's award of $340,000 in damages was supported by substantial evidence.

■ Substantial evidence also supports the jury's award of $300,000 on the claim of conversion. Appellees presented ample testimony that Herson improperly used OMD–NV's corporate assets for personal pursuits. And while it is true that Karl

Park's estimates regarding the cumulative impact of Herson's malfeasance did not expressly refer to OMD–NV, as opposed to the Oregon corporation, a jury nonetheless could reasonably conclude that Kim's references to "the company" and to "OMD" pertained solely to OMD–NV. Kim's testimony generally related only to OMD–NV, and his references to the Oregon corporation were specifically identified as such. Further, as appellees noted at oral argument, the district court was careful to focus the jury's attention on documents pertaining only to the Nevada corporation. On this record, the evidence of conversion from OMD–NV's coffers supports the jury's award of damages.[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**Tuyet Thi TRAN, Petitioner,**

**v.**

---

1. Appellant correctly asserts that the inclusion of the Oregon corporation as a party to the lawsuit would have destroyed diversity, and that the district court would have lacked jurisdiction to hear a claim or uphold a jury's award of damages regarding the conversion of assets from the Oregon company. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.,*

541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). The district court did not lack jurisdiction, however, to admit evidence *relating* to the Oregon corporation. So long as there was substantial evidence to support an award of $300,000 as to OMD–NV— and we conclude that there was—the case

**Alberto GONZALES,\* United States Attorney General, Respondent.**

**No. 03–71658.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided June 6, 2006.

Imran B. Mirza, Houston, TX, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILER,\*\* RAWLINSON, and BYBEE, Circuit Judges.

presents no jurisdictional problem, and the jury's verdict must be upheld.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to FED. R.APP. P. 43(c)(2).

\*\* The Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.